# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

LAURI WILLIAMS                                                                                          PLAINTIFF

V.                                         NO. 4:09CV00845

DEPARTMENT OF VETERANS AFFAIRS,
ERIC K. SHINSEKI, SECRETARY                                                           DEFENDANT

### ORDER

Pending is Defendant's motion to dismiss. (Docket # 11). Plaintiff has not responded. On February 17, 2010, the Court entered an Order to Show Cause directing the Plaintiff show cause why she had not responded to the pending motion on or before March 1, 2010. Plaintiff has not responded the Order of the Court. For the reasons set forth herein, Defendant's motion is granted.

### Facts

Plaintiff, Lauri Williams filed her *pro se* complaint against the United States Department of Veterans Affairs under Title VII of the Civil Rights Act of 1964 and asserts jurisdiction under 42 U.S.C. §2000e-5. She alleges discrimination based on race, color, sex and hostile environment harassment. Plaintiff alleges acts of discrimination occurred on or about December 13, 2007 and February 4, 2008. Plaintiff filed charges against the Defendant with the Equal Employment Opportunity Commission on or about April 21, 2006. She states that she received her notice of right to sue on June 18, 2009. Plaintiff claims that she retained an attorney to pursue her claims, but the lawyer provided "ineffective counseling in that he did not perform any work on [the] case and took [her] money."

Defendant moves to dismiss Plaintiff's complaint because she failed to file her complaint

within the applicable statute of limitations and cannot demonstrate extraordinary circumstances to warrant equitable tolling.

Dismissal is proper where the plaintiff's complaint fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). At this stage of the litigation, the Court must accept as true all of the factual allegations contained in the complaint, and review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 127 S.Ct. 1955, 1964-65 (2007). The plaintiff need not provide specific facts in support of their allegations, *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (per curiam), but they must include sufficient factual information to provide the "grounds" on which the claim rests, and to raise a right to relief above a speculative level. *Twombly*, 127 S.Ct. at 1964-65 & n. 3.

The Court must take a plaintiff's well-pleaded allegations as true and grant all reasonable inferences in favor of the plaintiff. *Stufflebeam v. Harris*, 521 F.3d 884, 886 (8th Cir. 2008). This is especially true when the plaintiff is proceeding *pro se. See Atkinson v. Bohn*, 91 F.3d 1127, 1128-29 (8th Cir.1996) (per curiam). Additionally, the Court may consider all materials attached to Plaintiff's Complaint when considering a motion to dismiss. *See Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir.2002).

Applying this standard, the Court finds that Plaintiff failed to file her Complaint within the limitations period set forth in 42 U.S.C. §2000e and 29 C.F.R. Part 1614.[1] Plaintiff states that she received her Notice of Right to Sue on June 18, 2009. On or about July 22, 2009, the

---

[1] Federal sector equal employment opportunity regulations are set out in 29 C.F.R. Part 1614.

Director, Office of Employment Discrimination Complaint Adjudication, signed the Final Agency Decision. On July 23, 2009, the Department of Veterans Affairs Office of Employment Discrimination Complaint Adjudication transmitted the Final Agency Decision to Plaintiff. Thereafter, Plaintiff contends that she hired an attorney. Plaintiff filed her complaint in this court on November 5, 2009.

For individuals in the federal sector, the civil action must be filed within ninety (90) days of receipt of the final action on an individual or class complaint if no appeal has been filed. 29 C.F.R. §1614.407. Applying this limitations period, Plaintiff's complaint is untimely. The latest triggering date would have been the receipt of the Final Agency Decision, if the Court were to allow three days from the transmittal date for mailing, Plaintiff's complaint would have been required to be filed on or before October 26, 2009.

Plaintiff has failed to demonstrate circumstances in which equitable tolling would apply. Although Plaintiff states that she hired an attorney and her attorney provided ineffective counsel, equitable tolling is reserved for circumstances that are beyond the control of the plaintiff. The Supreme Court has indicated that "equitable tolling might be appropriate when a claimant has received inadequate notice, when a motion for appointment of counsel was pending, when the court has led the plaintiff to believe that he had done everything required of him, or when affirmative misconduct on the part of the defendant has lulled the plaintiff into inaction." *Hallgren v. U.S. Dept. of Energy*, 331 F.3d 588, 590 (2003) *citing, Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 151(1984). None of these circumstances exist in this case.

Accordingly, accepting all of Plaintiff's allegations as true and granting all reasonable inferences in Plaintiff's favor, the Court finds that Plaintiff failed to file her Complaint within the

limitations period required.   Defendant's motion to dismiss is granted.

IT IS SO ORDERED this 8th day of March, 2010.

_____
James M. Moody
United States District Judge